■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDINE JACKSON, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered April 29, 1987, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's claim that the evidence adduced by the People failed to disprove the defense of justification beyond a reasonable doubt (see, Penal Law §§ 35.15, 25.00 [1]). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People's evidence established that in the midst of a heated argument with a third person, the defendant threatened to kill the complainant when he intervened. It further showed that at the time the defendant lunged toward the complainant and stabbed him in the arm, the complainant had already put down the dumbbells he had retrieved to defend himself against her. To the extent that the defendant's testimony contradicted that of the People's witnesses, it presented an issue of credibility which was apparently resolved by the jury in favor of the prosecution. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). Because the jury's determination is clearly supported by the record in this case, we will not disturb it.

We have examined the remaining contentions advanced by the defendant and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.