■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 11, 1990, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the justification defense was indeed disproved beyond a reasonable doubt *(see, People v Jackson,* 157 AD2d 801; *People v Martinez,* 149 AD2d 438). The complainant testified that, following a fist fight, the defendant ran after him and plunged a knife into his chest. This testimony clearly established that the defendant could not have had a reasonable belief that deadly physical force was about to be used upon him and, moreover, that he had every opportunity to retreat safely *(see,* Penal Law § 35.15 [2]; *People v Dallara,* 108 AD2d 867). Although conflicting testimony was given by an eyewitness, the jury apparently credited the testimony of the complainant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are

primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Balls,* 69 NY2d 641), or without merit *(see, People v Wesley,* 76 NY2d 555, 559; *People v Coleman,* 70 NY2d 817, 818; *People v Andrews,* 131 AD2d 580, 581). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.