■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JOHNSON, Appellant. [604 NYS2d 215] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 1, 1992, convicting him of robbery in the second degree, grand larceny in the fourth degree, petit larceny, and menacing, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for petit larceny, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of robbery in the second degree in that there was insufficient proof that he displayed what appeared to be a firearm (see, Penal Law § 160.10 [2] [b]). We disagree. Here, the defendant held a "balled up" paper in his hand, which was covered by a folded newspaper, and told the victim he had a gun. Under these circumstances, "the defendant's conduct could reasonably [have] lead the victim to believe that a gun [was] being used during the robbery", and satisfied the display element (People v Lopez, 73 NY2d 214, 220; see also, People v Baskerville, 60 NY2d 374, 380-381).

However, we agree with the defendant that his conviction for petit larceny must be reversed and that count dismissed, in that it is a lesser-included offense of the charge of grand larceny in the fourth degree, of which he was also convicted (see, People v Gantt, 136 AD2d 651; CPL 300.40 [3] [b]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.