OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*547 Defendant was convicted of robbery in the second degree (Penal Law § 160.10 [1]), grand larceny in the fourth degree (Penal Law § 155.30 [5]) and several lesser offenses, after a jury trial in which the People relied principally on the testimony of the arresting officer, Darge, and complaining witness, Gavilanes. The theory underlying the larceny conviction was that defendant acted as a lookout and thereby aided his accomplice, Postigo, when Postigo took property from Gavilanes while he was sleeping in an empty subway car. The People contend that this conduct escalated to robbery when, moments afterward, Gavilanes awoke and approached Postigo to demand the return of his property; defendant warned of his approach; and Postigo threatened Gavilanes with physical force to retain the property. The main issue preserved for our review is whether the People presented sufficient evidence that Postigo threatened Gavilanes immediately after the taking, thereby committing robbery (see Penal Law § 160.00 [1]). Defendant, observing that neither the testimony of Darge nor that of Gavilanes alone would be sufficient for a robbery conviction, rests his challenge on certain apparent discrepancies between the testimony of those two witnesses.
The question of immediacy in this case is an issue of fact— much like the question whether the defendant threatened the “immediate use of physical force” to obtain property (see People v Woods, 41 NY2d 279, 282 [1977]), and whether a homicide occurred in “immediate flight” from a felony (see People v Slaughter, 78 NY2d 485, 490 [1991]; People v Gladman, 41 NY2d 123, 129 [1976]). In determining the legal sufficiency of the evidence for a criminal conviction we indulge all reasonable inferences in the People’s favor, mindful that a “jury faced with conflicting evidence may accept some and reject other items of evidence” (see People v Ford, 66 NY2d 428, 437 [1985] [internal quotation marks omitted]; see also People v Contes, 60 NY2d 620 [1983]).
Here, a jury reasonably could have concluded from the testimony of Gavilanes that Postigo used the threat of force to retain the stolen property, and from the testimony of Darge that the confrontation between Gavilanes and Postigo occurred within minutes of the larceny and in the presence of defendant. Further, the jury reasonably could have combined these conclusions and determined that the crime unfolded in a matter of minutes. Even if the gap between the taking and the threat were longer, as defendant insists, the question whether one immediately succeeded the other would remain an issue of *548 fact, and it cannot be said here, as a matter of law, that the threat was not immediately made. Defendant’s claim that he received ineffective assistance of counsel is without merit and his other arguments are unpreserved.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order affirmed in a memorandum.