■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GOLDBERG, Appellant. [791 NYS2d 172]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 21, 2002, convicting him of criminal contempt in the first degree (three counts), upon a jury verdict, and imposing sentence. Upon the appeal from the judgment, the duration of two orders of protection issued at the time of sentencing in favor of Samuel Goldberg and Rebecca Goldberg, respectively, will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until May 21, 2009, and so much of the order of protection is-

sued in favor of Samuel Goldberg as directed that the defendant refrain from communication by mail or by telephone with Samuel Goldberg, are vacated, on the law and as a matter of discretion in the interest of justice, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for a new determination of the duration of the orders of protection, taking into account the defendant's jail-time credit.

The defendant's contention regarding the validity of the underlying orders of protection is not preserved for appellate review (*see* CPL 470.05 [2]). Moreover, the defendant expressly waived any such claim when he conceded at trial that the orders were valid, the only issue being whether he violated the orders. In any event, we find the defendant's contention to be without merit (*see People v Nieves*, 305 AD2d 520 [2003], *affd in part and appeal dismissed in part* 2 NY3d 310 [2004]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The County Court properly allowed the People to introduce evidence as to prior incidents of violence by the defendant against his victims here, despite the similarity of those incidents to the conduct at issue in this action, because that evidence constituted background material relevant to the defendant's intent and the character of the acts in question (*see People v Till*, 87 NY2d 835, 837 [1995]; *People v Bedi*, 299 AD2d 556 [2002]). The defendant's prior conviction for criminal contempt was properly allowed to be used on cross-examination because of its relevance to the defendant's credibility (*see People v Kostaras*, 255 AD2d 602 [1998]). Any questioning regarding matters prohibited by the County Court's pre-trial rulings was brought on by the defendant himself and was the subject of proper curative instructions.

Further, the defendant was provided with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The County Court providently exercised its discretion in imposing an order of protection prohibiting the defendant from having any physical contact with his father, Samuel Goldberg, despite the father's objection. However, the County Court should have allowed telephone and mail contact. Accordingly, we vacate so much of that order of protection to eliminate the prohibition against telephone and mail contact with Samuel Goldberg.

Additionally, the orders of protection do not take into account

the defendant's jail-time credit (*see* CPL 530.13 [4]; *People v Nieves,* 2 NY3d 310, 317-318 [2004], *supra; People v Eaddy,* 302 AD2d 473 [2003]). Although the defendant's general objection to the orders of protection did not preserve this specific claim, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson,* 16 AD3d 521 [2005] [decided herewith]). Thus, we remit the matter to the County Court, Westchester County, for a new determination of the duration of the orders of protection to account for the defendant's jail-time credit.

The defendant's remaining contentions either are unpreserved for appellate review and/or without merit. H. Miller, J.P., Cozier, S. Miller and Spolzino, JJ., concur.