■ SHERMAN ABRAMS, Appellant, v PORT AUTHORITY TRANS-HUDSON CORPORATION, Respondent. [832 NYS2d 435]—Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered October 23, 2006, which, in an action for personal injuries under the Federal Employers' Liability Act (45 USC § 51 *et seq.*), denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff's moving papers fail to make a prima facie showing that he was not comparatively negligent (*see McCabe v CSX Transp., Inc.*, 27 AD3d 1150 [2006]). Deposition testimony tends to show that plaintiff knowingly stood near a coworker, idly and at times inattentive, while the coworker was in the process of moving awkward, 10-to-12-foot-long hoses, a job that plaintiff had been instructed to assist the coworker with. Plaintiff's moving papers do not explain why he did not assist the coworker, pay attention to the work the coworker was doing, or move a safe distance away. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.

■ In the Matter of ALEX S., a Person Alleged to be a Juvenile Delinquent, Appellant. [832 NYS2d 433]—Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about May 11, 2006, as amended May 22, 2006, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, and placed him on probation for up to 12 months with 15 hours of community service, unanimously modified, on the law, to the extent of vacating the finding as to petit larceny and dismissing that count of the petition, and otherwise affirmed, without costs. Appeal from order, same court and Judge, entered on or about August 9, 2006, unanimously dismissed as abandoned, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that appellant grabbed the victim's property from her hand, passing it to another person.

As the presentment agency concedes, the petit larceny count should be dismissed as a lesser included offense of grand larceny. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.