■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN W. HEIER, Appellant. [900 NYS2d 921]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered March 27, 2009, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant pleaded guilty to an indictment accusing him of

---

* We note that defendant's appeal waiver expressly permits her to raise ineffective assistance issues upon appeal.

one count of grand larceny in the fourth degree, arising out of an incident in which he sold two horses without their owner's authorization. County Court conducted a hearing to determine the amount of restitution and thereafter sentenced him, as agreed, to a one-year jail term running concurrently to a prison sentence in an unrelated matter, and ordered restitution. Defendant now appeals and we affirm.

Initially, defendant's claim of ineffective assistance of counsel does not survive his guilty plea, as he does not contend that his plea was impacted in any way by counsel's allegedly deficient performance (*see People v Petgen*, 55 NY2d 529, 534-535 [1982]; *People v Thompson*, 4 AD3d 785, 785-786 [2004], *lv denied* 2 NY3d 808 [2004]; *People v Wright*, 256 AD2d 643, 646 [1998], *lv denied* 93 NY2d 880 [1999]). In any event, defendant received an advantageous plea that significantly limited his sentencing exposure, and nothing in the record casts any doubt on counsel's effectiveness (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]).

Turning to defendant's arguments regarding restitution, as a significant component of his sentence included a period of incarceration, County Court was not required to consider his ability to pay in determining the appropriate amount of restitution (*see People v Travis*, 64 AD3d 808, 809 [2009]; *People v Henry*, 64 AD3d 804, 807 [2009], *lv denied* 13 NY3d 860 [2009]). Defendant also contends that the person to whom he sold the stolen horses was not a victim for purposes of Penal Law § 60.27, but he failed to object on this ground before County Court and, indeed, readily conceded that the ostensible buyer was entitled to restitution in some amount (*see* CPL 470.05 [2]; *People v Goldberg*, 16 AD3d 519, 520 [2005], *lv denied* 5 NY3d 762 [2005]). Regardless, the ostensible buyer expended funds to "purchase" and care for horses that he did not own as a direct result of defendant's misdeeds, and was thus correctly categorized as a victim (*see* Penal Law § 60.27 [4]; *People v Hall-Wilson*, 69 NY2d 154, 157-158 [1987]).

Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.