■ In the Matter of Elias E., Appellant. [921 NYS2d 276]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Elias E. appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), entered March 12, 2010, which, upon a fact-finding order of the same court dated the same day, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of manslaughter in the second degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order and four orders of protection issued at the dispositional hearing.

Ordered that the order of disposition is affirmed, without costs or disbursements, the orders of protections are vacated, on the law and as an exercise of discretion in the interest of justice, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

Viewing the evidence presented at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Jonathan D.*, 33 AD3d 996, 997 [2006]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of manslaughter in the second degree (*see* Penal Law § 125.15 [1]; *cf. People v Boyce*, 36 AD3d 711 [2007]; *People v Rodriguez*, 33 AD3d 730 [2006]), and assault in the second degree (*see* Penal Law § 120.05 [2]; *Matter of Robert C.*, 67 AD3d

790 [2009]; *cf. People v Millett*, 26 AD3d 345 [2006]). The evidence credited by the Family Court disproved the appellant's defense of justification beyond a reasonable doubt (*see* Penal Law § 35.15 [2] [a]; *Matter of Y.K.*, 87 NY2d 430 [1996]; *Matter of Quamel D.*, 78 AD3d 1050, 1051 [2010]; *Matter of Jean V.*, 64 AD3d 664 [2009]; *Matter of Louis C.*, 38 AD3d 541 [2007]; *cf. People v Torres*, 252 AD2d 60, 65 [1999]; *People v King*, 186 AD2d 683 [1992]; *People v Rosado*, 123 AD2d 649 [1986]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617 [2009]; *Matter of Tanasia Elanie E.*, 49 AD3d 642 [2008]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *Matter of Victor I.*, 57 AD3d 779 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon our review of the record, we are satisfied that the Family Court's fact-finding determination as to the acts which, if committed by an adult, would have constituted manslaughter in the second degree and assault in the second degree, was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's contention that the Family Court issued four orders of protection in violation of Family Court Act § 352.3 (1) is unpreserved for appellate review, as he failed to raise this contention at the dispositional hearing (*see Matter of Nathaniel P.*, 58 AD3d 860 [2009]). However, we elect to review the orders as a matter of discretion in the interest of justice (*cf. People v Nieves*, 2 NY3d 310, 316-317 [2004]; *People v Goldberg*, 16 AD3d 519 [2005]). As the presentment agency properly concedes on appeal, the Family Court was not authorized under Family Court Act § 352.3 (1) to issue those two of the four orders of protection which were in favor of the witnesses who were not victims of the alleged offense, and those orders must be vacated. Moreover, as the Family Court was operating under the mistaken belief that it was required to issue orders of protection in favor of the two complainants who were involved in the underlying altercation with the appellant, those orders must also be vacated, and the matter must be remitted to the Family Court, Orange County, to determine whether good cause exists to issue such orders, and to permit the Family Court to exercise the discretion granted to it under Family Court Act § 352.3 (1) (*see generally Matter of Butler v Town of Ramapo*, 242 AD2d 570, 572 [1997]; *People v Tomlinson*, 162 AD2d 563 [1990]; *People v Gabai*, 149 AD2d 431 [1989]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.