*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                105637
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SANDY T. SMITH, Also Known as
    SMOKE,
                        Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Cheryl L. Sovern, Clifton Park, for appellant, and
appellant pro se.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Clinton
County (Ryan, J.), rendered November 28, 2012, convicting
defendant upon his plea of guilty of the crimes of criminal
possession of a controlled substance in the third degree (two
counts) and tampering with physical evidence.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal possession of a controlled substance
in the third degree (two counts) and tampering with physical
evidence, with no promise or recommendation regarding his
sentence.  County Court sentenced him on the criminal possession
convictions to concurrent prison terms of eight years, followed

by two years of postrelease supervision, and imposed a 1⅓ to 4-year prison term for the tampering with physical evidence conviction, to run consecutively to the other sentences. Defendant appeals.

By pleading guilty, defendant forfeited his claims of ineffective assistance of counsel, as none of his allegations of ineffectiveness directly affected the plea bargaining process (see People v Petgen, 55 NY2d 529, 534-535 [1982]; People v Straight, 106 AD3d 1190, 1191 [2013]; People v Heier, 73 AD3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]). Although defendant contends that counsel failed to review the presentence investigation report with him, counsel stated that he had reviewed it and he addressed that report at sentencing. Defendant spoke at sentencing and did not complain that he had been prevented from reviewing that report, rendering this claim unpreserved (see People v Stacchini, 108 AD3d 866, 867 [2013]).

The sentence imposed by County Court was lawful. Given defendant's criminal record, the court's disbelief regarding his contention that he was merely a user and not a seller of drugs, and his actions in trying to eat cocaine and dump it on the floor of the police station to destroy evidence, we find neither an abuse of discretion nor extraordinary circumstances to warrant a reduction of his sentence in the interest of justice (see People v Souffrant, 104 AD3d 992, 993 [2013], lv denied 21 NY3d 1010 [2013]).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court