■ In the Matter of RICHARD H., Appellant. [40 NYS3d 551]—

Appeals from (1) an order of disposition of the Family Court, Richmond County (Helene D. Sacco, J.), dated September 24,

2015, and (2) an order of protection of that court, also dated September 24, 2015. The order of disposition, insofar as appealed from, adjudicated Richard H. a juvenile delinquent. The order of protection, insofar as appealed from, directed Richard H. to stay away from Rey J. and his home, school, and place of employment, and to refrain from harassing, intimidating, threatening, or otherwise interfering with Rey J. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated July 14, 2015, which, after a hearing, found that Richard H. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree, and substituting therefor a provision adjudicating the appellant a juvenile delinquent based upon a finding that he committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding is modified accordingly; and it is further,

Ordered that the order of protection is reversed insofar as appealed from, on the law, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see Matter of George R., 104 AD3d 949 [2013]; Matter of Charles S., 41 AD3d 484 [2007]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]; Matter of Keir B., 115 AD3d 855, 855-856 [2014]; Matter of Danasia Mc., 94 AD3d 1122 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (Penal Law § 160.10 [1]), grand larceny in the fourth degree (Penal Law § 155.30 [5]), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the

testimony, and observe demeanor (*see Matter of Danasia Mc.*, 94 AD3d at 1124; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Although the Family Court's decision on the record correctly determined that the appellant committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, its order of fact-finding and order of disposition each contain a provision incorrectly stating that the appellant committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree. A judgment or order must conform strictly to the court's decision (*see McLoughlin v McLoughlin*, 63 AD3d 1017 [2009]; *Curry v Curry*, 14 AD3d 646 [2005]; *Pauk v Pauk*, 232 AD2d 386 [1996]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479 [1984]). "Where there is an inconsistency between a judgment or order and the decision upon which it is based, the decision controls" (*Curry v Curry*, 14 AD3d at 647; *see Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *Green v Morris*, 156 AD2d 331 [1989]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479 [1984]). Consequently, we modify the subject provisions of the orders accordingly.

The appellant's contention that the Family Court issued an order of protection in favor of Rey J. in violation of Family Court Act § 352.3 (1) is unpreserved for appellate review since the appellant failed to raise this contention at the dispositional hearing (*see Matter of Elias E.*, 83 AD3d 833, 834 [2011]; *Matter of Nathaniel P.*, 58 AD3d 860 [2009]). However, we review this contention as a matter of discretion in the interest of justice (*see Matter of Elias E.*, 83 AD3d at 834; *People v Goldberg*, 16 AD3d 519 [2005]). The Family Court was not authorized under Family Court Act § 352.3 (1) to issue an order of protection in favor of Rey J., who was a witness to, but not a victim of, the offenses (*see Matter of Elias E.*, 83 AD3d at 834; Family Ct Act § 352.3 [1]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.