■ In the Matter of Malik B., a Person Alleged to be a Juvenile Delinquent, Appellant. [56 NYS3d 270]—Appeal from an order of disposition of the Family Court, Kings County (Amanda E. White, J.), dated July 7, 2016. The order of disposition, insofar as appealed from, adjudicated Malik B. a juvenile delinquent. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated April 20,

2016, which, after a hearing, found that Malik B. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (*Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *see Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Imani Mc.*, 78 AD3d 705, 706 [2010]). The test is no different when the evidence supporting the fact-finding is circumstantial (*see Matter of Chakelton M.*, 111 AD3d at 733). Here, viewing the evidence in the light most favorable to the presentment agency, it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree, robbery in the third degree, and criminal possession of stolen property in the fifth degree (*see Matter of Brandon V.*, 133 AD3d 769, 769 [2015]; *Matter of Dashawn R.*, 120 AD3d 1250, 1251 [2014]; *Matter of Ellius R.*, 97 AD3d 586, 587 [2012]; *People v Carr-El*, 287 AD2d 731, 732 [2001], *affd* 99 NY2d 546 [2002]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Brandon V.*, 133 AD3d at 769; *Matter of Dashawn R.*, 120 AD3d at 1251; *Matter of Kaseem R.*, 113 AD3d 779, 780 [2014]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Dajahn M.*, 110 AD3d 812, 813 [2013]; *Matter of Danielle B.*, 94 AD3d at 758; *Matter of Jamel C.*, 92 AD3d 782, 782-783 [2012]; *Matter of Kalexis R.*, 85 AD3d 927, 928-929 [2011]). The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (*see Matter of Brandon V.*, 133 AD3d at 769; *Matter of Darnell G.*, 125 AD3d 969, 969 [2015]; *Matter of Dashawn R.*, 120 AD3d at 1251). Upon reviewing the record, we are satisfied that the fact-finding determination of the Family Court was not against the weight of the evidence. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.