■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [62 NYS3d 335]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered November 5, 2014, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The element of physical injury was established by evidence supporting an inference that the victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), and that they caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). The evidence showed that in the course of the robbery, in which the chain of the victim's stolen purse wrapped around her finger and she was dragged across a street by defendant, the victim sustained a painfully swollen middle finger on her dominant hand, cuts to her knees, and bruising on her knees, arm, and finger; that she continued to feel pain in her right middle finger for three weeks and in her right knee for three or four weeks; and that the finger needed to be taped to another one, preventing her from typing or handwriting for one or two weeks and from lifting items as light as one gallon for two or three weeks (*see e.g. People v Harvey*, 309 AD2d 713 [1st Dept 2003], *lv denied* 1 NY3d 573 [2003]). The fact that the victim treated her own her injuries, such as applying ice and taking over-the-counter pain medication, without seeking professional medical assistance, does not negate a finding of physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]). There is no basis for disturbing the jury's credibility determinations, including its finding that the victim testified credibly despite her admission that when she spoke to EMTs she minimized her level of pain. The jury could credit the victim's explanation that she minimized her pain to the EMT's because she was away from home and preferred to stay with the friends that she was visit-

ing in New York, rather than go to the hospital, and felt that she "had been through enough."

The court properly responded (*see generally People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]) to a note asking if it "matter[ed]" or was "relevant" whether the victim voluntarily held onto her purse while defendant used the purse to drag her across the street, or whether the victim became entangled in the purse chain. The court's response that this distinction did not matter "as to proving the elements of the crime" could not have led the jury to believe that it could not consider this factual question in assessing the victim's credibility. To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record, regarding counsel's strategy in preparing the jury panel on voir dire for defendant's then-anticipated testimony (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]; *see also People v Hendricks*, 243 AD2d 396 [1st Dept 1997], *lv denied* 91 NY2d 941 [1998]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.