Matter of Joshua C. (2018 NY Slip Op 01602)





Matter of Joshua C.


2018 NY Slip Op 01602


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-13241
 (Docket No. D-24861-15)

[*1]In the Matter of Joshua C. (Anonymous), appellant.


Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Marianne Allegro of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Tahirih M. Sadrieh of counsel), for respondent.



DECISION & ORDER
Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated December 12, 2016. The order adjudicated Joshua C. a juvenile delinquent, upon an order of fact-finding of that court dated August 26, 2016, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (four counts), and sexual misconduct, and placed him on probation for a period of 20 months.
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree as alleged in count five of the petition, and substituting therefor a provision dismissing the fifth count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.
In this juvenile delinquency proceeding, the Family Court found, after a fact-finding hearing, inter alia, that the presentment agency established beyond a reasonable doubt that the appellant engaged in the conduct charged in counts three, four, five, six, nine, and twelve of the petition, and that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (four counts), and sexual misconduct. After a dispositional hearing, the Family Court issued an order of disposition which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 20 months.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish, beyond a reasonable doubt, the facts alleged in counts three, four, six, nine, and twelve of the petition, and that the appellant thereby committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (three counts), and sexual misconduct (see Penal Law §§ 130.50[3], 130.65[3], 130.20[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Malik B., 151 AD3d 842, 843; Matter of Brandon V., 133 AD3d 769, 769; Matter of Dashawn R., [*2]120 AD3d 1250, 1251), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Malik B., 151 AD3d at 843; Matter of Dajahn M., 110 AD3d 812, 813; Matter of Danielle B., 94 AD3d 757, 758). The Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (see Matter of Malik B., 151 AD3d at 843; Matter of Brandon V., 133 AD3d at 770). Upon reviewing the record, we are satisfied that the findings of fact as to these counts were not against the weight of the evidence.
We find, however, that the evidence was legally insufficient to establish beyond a reasonable doubt the facts alleged in count five of the petition, acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree based on mouth-to-mouth contact. The complainant testified at the fact-finding hearing that the appellant "tried to kiss" him on the lips, but the complainant "pushed [the appellant's] face away." Thus, we agree with the appellant that there was legally insufficient evidence to establish that the appellant's mouth made contact with the complainant's mouth (see Penal Law § 130.65[3]; cf. Matter of Christian E., 68 AD3d 1109, 1110). Accordingly, the Family Court's finding relating to count five of the petition alleging sexual abuse in the first degree must be vacated, and that count of the petition must be dismissed.
Although the fact-finding order and the order of disposition must be modified in accordance with the foregoing, the matter need not be remitted to the Family Court for a new order of disposition, as there are sufficient grounds to find that the appellant committed acts which, if committed by an adult, would have constituted the felonies of criminal sexual act in the first degree and sexual abuse in the first degree (three counts), and the misdemeanor offense of sexual misconduct, for which the disposition imposed was appropriate and commensurate with his offenses (see Matter of Robert C., 67 AD3d 790, 792-793). Contrary to the appellant's contention, the court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation for a period of 20 months instead of directing an adjournment in contemplation of dismissal. The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (see Matter of Brian N., 133 AD3d 665). The disposition was appropriate in light of, among other factors, the seriousness of the offenses, the recommendations made in the probation report and a mental health evaluation, the appellant's failure to take full responsibility for his actions, and his lack of expressed remorse (see Matter of Sheala H., 156 AD3d 882; Matter of Shemar G., 152 AD3d 591, 591; Matter of Brian N., 133 AD3d 665).
The appellant's contention that certain counts in the petition were multiplicitous is unpreserved for appellate review, as this issue was not raised before the Family Court (see Matter of Richard H., 144 AD3d 799, 800; Matter of Lavon S., 136 AD3d 1044, 1046). Under the circumstances, we decline to review it in the exercise of our interest of justice jurisdiction.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court