Matter of Maximus G. (2018 NY Slip Op 06532)





Matter of Maximus G.


2018 NY Slip Op 06532


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-04714
 (Docket No. D-4194-16)

[*1]In the Matter of Maximus G. (Anonymous), appellant.


The Legal Aid Society, New York, NY (Dawne A. Mitchell and John A. Newberry of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Maximus G. appeals from an order of disposition of the Family Court, Kings County (Lillian Wan, J.), dated April 6, 2017. The order of disposition adjudicated Maximus G. a juvenile delinquent. The appeal from the order of disposition brings up for review an order of fact-finding of the same court dated January 5, 2017, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of robbery in the third degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.
The appellant was accused of stealing the complainant's purse. Following a fact-finding hearing, he was found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.
The appellant contends, among other things, that the evidence was legally insufficient to establish: (1) his identity as the perpetrator of the subject theft and (2) the elements of forcibly stealing and physical injury as to the count of robbery in the second degree. The appellant also contends that the fact-finding determination was against the weight of the evidence.
"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt" (Matter of Danielle B., 94 AD3d 757, 758; see Matter of Malik B., 151 AD3d 842, 843; Matter of Chakelton M., 111 AD3d 732, 733). Here, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), [*2]we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts at issue (see Matter of Aaliyah R., 144 AD3d 923; Matter of Jarell W., 137 AD3d 1154, 1154-1155). In addition, the evidence was legally sufficient to establish, beyond a reasonable doubt, the elements of forcibly stealing (cf. Penal Law § 160.00; People v Gordon, 23 NY3d 643, 649) and physical injury as to the count of robbery in the second degree (cf. Penal Law § 160.10[2][a]; People v Williams, 154 AD3d 497). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Malik B., 151 AD3d at 843). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
However, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, the count of the petition charging robbery in the third degree should have been dismissed as a lesser-included offense (see CPL 1.20[37]; 300.40[3][b]; Matter of Eduardo D.-B., 18 AD3d 468, 469).
The appellant's remaining contentions are, for the most part, unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court