Matter of Michael M. (2018 NY Slip Op 07128)





Matter of Michael M.


2018 NY Slip Op 07128


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-08588
2018-01093
 (Docket No. E-2611-16)

[*1]In the Matter of Michael M. (Anonymous), Jr., appellant.


The Legal Aid Society, New York, NY (Dawne Mitchell and Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding, Michael M., Jr., appeals from (1) an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated June 30, 2016, and (2) an order of the same court dated September 19, 2016. The order of disposition adjudicated the appellant a juvenile delinquent and placed him in nonsecure detention for a period of 18 months. The order dated September 19, 2016, denied the appellant's motion pursuant to Family Court Act § 355.1 to vacate the order of disposition and for a new fact-finding hearing. The appeal from the order of disposition brings up for review an order of fact-finding of the same court dated April 27, 2016, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crimes, inter alia, of rape in the first degree (two counts), sexual abuse in the first degree (two counts), and sexual misconduct (two counts).
ORDERED that the appeal from so much of the order of disposition as placed the appellant in nonsecure detention for a period of 18 months is dismissed as academic, without costs or disbursments; and it is further,
ORDERED that the notice of appeal from the order dated September 19, 2016, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of sexual misconduct as alleged in counts seven and thirteen of the petition, and substituting therefor a provision dismissing the seventh and thirteenth counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly; and it is further,
ORDERED that the order dated September 19, 2016, is affirmed, without costs or disbursements.
The appellant was adjudicated a juvenile delinquent and placed in nonsecure detention for a period of 18 months, upon a finding, after a hearing, that he committed acts, which, if committed by an adult, would have constituted the crimes, inter alia, of rape in the first degree (two counts), sexual abuse in the first degree (two counts), and sexual misconduct (two counts). The appellant thereafter moved pursuant to Family Court Act § 355.1 to vacate the order of disposition and for a new fact-finding hearing, based on newly discovered evidence. The motion was denied.
The appeal from so much of the order of disposition as placed the appellant in a nonsecure detention facility for a period of 18 months has been rendered academic, as the period of placement has expired. However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the fact-finding order, has not been rendered academic, as there may be collateral consequences resulting from the adjudication of delinquency (see Matter of Gregory R., 161 AD3d 1168).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree (two counts), sexual abuse in the first degree (two counts), rape in the third degree (two counts), menacing in the second degree, criminal possession of a weapon in the fourth degree, sexual misconduct (two counts), and possession of an imitation firearm in violation of Administrative Code of the City of New York § 10-131(g)(1). Moreover, upon our independent review of the record, we are satisfied that the Family Court's fact-finding determination as to these counts was not against the weight of the evidence (see Matter of Joshua C., 159 AD3d 815, 816; Matter of Malik B., 151 AD3d 842, 843).
However, as the presentment agency correctly concedes, under the circumstances of this case, the sexual misconduct counts are inclusory concurrent counts of the rape in the first degree counts (see CPL 300.30[4]; Penal Law §§ 130.20[1], 130.35[1]; People v Lawrence, 61 AD2d 1017; see generally People v Miller, 6 NY3d 295), and thus, the two sexual misconduct counts must be dismissed (see CPL 300.40[3][b]).
The appellant's motion to vacate the order of disposition and for a new fact-finding hearing was properly denied without a hearing. Pursuant to Family Court Act § 355.1(1), the court may vacate an order of disposition "[u]pon a showing of a substantial change of circumstances." Here, where the newly discovered evidence consisted of false statements made by the complainant which did not pertain to the appellant or to the incident at issue, we agree with the Family Court's conclusion that the appellant did not make the requisite showing of a substantial change in circumstances (see Matter of Shalar N., 162 AD3d 882, 883-884).
The appellant's remaining contentions are without merit.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court