Matter of Elijah C. (2021 NY Slip Op 03173)





Matter of Elijah C.


2021 NY Slip Op 03173


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2020-01888
 (Docket No. E-5936-19)

[*1]In the Matter of Elijah C. (Anonymous).


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Julia Bedell of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Elijah C. appeals from an order of disposition of the Family Court, Richmond County (Helene D. Sacco, J.), dated January 24, 2020. The order of disposition, insofar as appealed from, upon so much of an order of fact-finding of the same court dated January 10, 2020, made after a hearing, as found that Elijah C. committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree, petit larceny, and unauthorized use of a vehicle in the third degree, adjudicated him a juvenile delinquent, and placed him in the custody of the Administration for Children's Services for a period of 18 months.
ORDERED that the order of disposition is modified, as a matter of discretion in the interest of justice, by deleting the provisions thereof adjudicating Elijah C. a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of unauthorized use of a vehicle in the third degree and petit larceny, and substituting therefor provisions dismissing those counts of the petition; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding is modified accordingly.
The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see Matter of Richard H., 144 AD3d 799, 800; Matter of Christopher H., 123 AD3d 713, 713-714). In any event, "'[t]he evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged crimes beyond a reasonable doubt'" (Matter of Christopher H., 123 AD3d at 714, quoting Matter of Danielle B., 94 AD3d 757, 758; see Family Ct Act § 342.2[2]). Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree (see Penal Law § 155.30[5]; Matter of Alex S., 39 AD3d 350). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Christopher H., 123 AD3d at 714), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Brandon S., 169 AD3d 1047, 1048). Upon [*2]reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
However, as the appellant contends, and the presentment agency does not dispute, the evidence was legally insufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree (Penal Law §§ 10.00[14]; 165.05[1]; Vehicle and Traffic Law §§ 125, 134; see Couture v Miskovitz, 102 AD3d 723, 723-724). Moreover, as the appellant contends, and the presentment agency concedes, petit larceny is a lesser included offense of grand larceny in the fourth degree, and therefore the charge that the appellant committed an act which, if committed by an adult, would have constituted petit larceny, must be dismissed (see People v Johnson, 198 AD2d 521, 521; see generally Matter of Charmaine J., 236 AD2d 474). We therefore modify the order of disposition and order of fact-finding accordingly.
HINDS-RADIX, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court