Matter of Ernest S. C. (2021 NY Slip Op 04351)





Matter of Ernest S. C.


2021 NY Slip Op 04351


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-13623
 (Docket No. D-1391-19)

[*1]In the Matter of Ernest S. C. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appellant appeals from an order of disposition of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated October 30, 2019. The order of disposition, upon an order of fact-finding of the same court dated August 7, 2019, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, petit larceny, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and petit larceny, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the order of fact-finding is modified accordingly.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months must be dismissed as academic, as the period of probation has expired (see Matter of Deandre Mc., 124 AD3d 786, 787). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Family Ct Act § 783; Matter of Jahiem J., 155 AD3d 1037, 1038; Matter of Deandre Mc., 124 AD3d at 787).
"The evidence supporting a fact-finding in a juvenile delinquency proceeding is legally sufficient if, viewing that evidence in the light most favorable to the presentment agency, any rational trier of fact could have found the appellant's commission of all the elements of the charged [*2]crimes beyond a reasonable doubt" (Matter of Danielle B., 94 AD3d 757, 758; see Matter of Malik B., 151 AD3d 842, 843).
Here, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts at issue (see Matter of Aaliyah R., 144 AD3d 923, 923) and his larcenous intent (see Penal Law § 155.05[1]; see e.g. People v Lamont, 25 NY3d 315, 319). Contrary to the appellant's contentions, a particular surveillance video was properly authenticated at the fact-finding hearing (see People v Costello, 128 AD3d 848, 848).
Moreover, "in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor" (Matter of Malik B., 151 AD3d at 843). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Matter of Maximus G., 165 AD3d 660, 662; Matter of Malik B., 151 AD3d at 843).
However, the counts of the petition charging robbery in the third degree and petit larceny should have been dismissed as lesser included offenses, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree (see CPL 1.20[37]; 300.40[3][b]; Matter of Maximus G., 165 AD3d at 662; Matter of Tonia B., 239 AD2d 572, 573).
The appellant's remaining contention is without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court