People v Baldwin (2021 NY Slip Op 05050)





People v Baldwin


2021 NY Slip Op 05050


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

111932
[*1]The People of the State of New York, Respondent,
v
Dakota W. Baldwin, Appellant.

Calendar Date:September 3, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Clea Weiss, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Zachary S. Persichini of counsel), for respondent.



Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered February 25, 2019, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant was charged in a single-count indictment with assault in the second degree. The charge stemmed from an incident wherein defendant, while on suicide watch in the local jail, assaulted a correction officer who was attempting to remove defendant's bedsheets from his cell. In full satisfaction of that indictment and other pending charges, defendant pleaded guilty to the reduced charge of attempted assault in the second degree with the understanding that he would be sentenced to a prison term of 2 to 4 years. County Court sentenced defendant as a second felony offender to the contemplated term of imprisonment, and this appeal ensued.
We affirm. Defendant challenges the sentence as harsh and excessive and contends that he was denied the effective assistance of counsel at sentencing when counsel failed to advocate for a more lenient sentence. The sentence, however, was in accord with a negotiated plea bargain, and defendant does not seek to vacate the plea. As for counsel's representation, defendant declined the opportunity to speak at sentencing, rendering his claim of ineffective assistance unpreserved (see People v Smith, 123 AD3d 1233, 1234 [2014], lvs denied 25 NY3d 953 [2015]). In any event, counsel noted the mitigating factors set forth in the presentence investigation report and encouraged County Court to honor the bargained-for sentence, a position that hardly constitutes ineffective assistance (see People v Carver, 27 NY3d 418, 421 [2016]; People v Hockenbury, 190 AD3d 1155, 1157 [2021], lv denied 37 NY3d 957 [2021]).
Defendant also urges this Court to invoke its interest of justice jurisdiction to reduce the sentence to a prison term of 1½ to 3 years (see CPL 470.15). We decline to do so. Although defendant contends that County Court failed to consider his mental health issues, the record reflects that the court reviewed the presentence investigation report, which, in addition to setting forth defendant's mental health issues and struggles with substance abuse, also detailed defendant's criminal history and the nature of his attack upon the correction officer at issue. We are mindful that defendant was sentenced — as a second felony offender — to the maximum term of imprisonment for attempted assault in the second degree (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.00, 120.05 [3]]), but find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed in the interest of justice (see People v Clark, 159 AD3d 1148, 1148 [2018]).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.