◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered September 20, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the People failed to disprove the defense of justification beyond a reasonable doubt (see, Penal Law § 25.00 [1]; *People v Reed*, 40 NY2d 204, 209). We disagree. Viewed in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620, 621), the evidence adduced at trial established that the decedent, Ulysses Ivory, had engaged the defendant and his codefendant David Reed in a physical altercation immediately prior to the subject incident in which Ivory had slashed Reed with a knife on the side of his head. Ivory then fled the scene of the encounter. The defendant pursued Ivory for some distance up the block. Ivory attempted to board a bus but was denied entry because he was still carrying the knife. The defendant subsequently tackled Ivory and wrested the knife from him, whereupon Reed, who had rejoined the melee, and the defendant commenced a violent attack upon Ivory, which resulted in his death. The evidence was therefore sufficient to support a finding that the defendant did not reasonably believe that Ivory had either used or threatened the use of deadly physical force following the initial confrontation, and that, in any event, the defendant could have avoided the use of such force by retreating with

complete safety instead of actively pursuing the decedent and initiating the fatal attack. The defendant, accordingly, was not justified in employing deadly physical force against Ivory during the subsequent encounter (see, Penal Law § 35.15 [2]).

We conclude, moreover, that certain testimony as to a violent encounter between the parties which occurred several months prior to the subject incident was probative of motive and intent to seriously injure the decedent and was hence properly admitted into evidence.

The remainder of the defendant's contentions on appeal are unpreserved for our review and, in any event, are without merit. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.