■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE WHITE, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered September 16, 1988, convicting defendant, after a jury trial, of assault in the

second degree and sentencing him to a prison term of 30 days, plus 4 years and 11 months' probation, unanimously affirmed.

The defendant contends on appeal that the People failed to disprove the defense of justification beyond a reasonable doubt. We disagree. Viewed in a light most favorable to the People (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), the evidence adduced at trial established that defendant became angered when complainant, Angel Morales, tapped his shoe twice against defendant's thigh as the defendant lay beneath his automobile working. Although complainant walked away upon being told by defendant that no assistance was needed on the automobile, defendant nonetheless discontinued his work, obtained a machete, and pursued the complainant. Eyewitness Sotero Garcia, who observed the ensuing events, yelled for the complainant to "watch out", and added that the defendant was armed with a "machete". Complainant, in response to Garcia's warning, obtained a baseball bat from the garage of eyewitness Jean Ebbesen.

The defendant next swung the machete at complainant and complainant raised the bat to protect himself. The baseball bat was knocked from complainant's grasp and he stumbled. The defendant then immediately struck a second blow to the side of the complainant's head, causing a severe laceration.

We find the credible evidence in the record was therefore sufficient to support a finding that the defendant did not reasonably believe that complainant had either used or threatened the use of deadly physical force during the initial confrontation (see, Penal Law § 35.15 [2] [a]). Additionally, we find while the defendant would have safely retreated following the first encounter, he instead became the aggressor when he actively pursued complainant with the machete and initiated the second conflict (see, People v Thompson, 125 AD2d 511). The defendant, accordingly, was not justified in employing deadly physical force against the complainant during the subsequent encounter (see, Penal Law § 35.15 [2]). Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.