■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY S. WILLSON, Appellant. [708 NYS2d 668] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of assault in the second degree (Penal Law § 120.05 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and sentenced as a second felony offender to consecutive terms of imprisonment of 4½ years and 3½ to 7 years respectively. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (see, People v Gray, 86 NY2d 10, 19). Were we to consider the issue, we would conclude that the evidence, viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), is legally sufficient. Based upon the statutory presumption of Penal Law § 265.15 (4), the jury was entitled to infer from defendant's possession of the dagger that defendant intended to use it unlawfully against another (see generally, People v Walcott, 235 AD2d 368, 368-369, lv denied 90 NY2d 898; People v Lucas, 186 AD2d 589, lv denied 80 NY2d 1028). There is likewise sufficient evidence to support the finding that the victim's comminuted fracture of the nose, which required surgery, constitutes a serious physical injury (see, Penal Law § 10.00 [10]; § 120.05 [1]; Matter of Dawn S., 201 AD2d 918; People v Virgo, 197 AD2d 458, lv denied 82 NY2d 905). Further, the evidence is legally sufficient to disprove the defense of justification beyond a reasonable doubt. The jury could have reasonably concluded from the evidence that the victim justifiably jumped on defendant in order to prevent defendant from shooting him (cf., People v King, 186 AD2d 683, lv denied 81 NY2d 842; People v White, 162 AD2d 297, 298, lv denied 77 NY2d 883).

Defendant also failed to preserve for our review his contention that County Court erred in admitting expert testimony of law enforcement officers that the knife possessed by defendant was a "dagger" within the meaning of Penal Law § 265.01 (2) (see, People v Highsmith, 254 AD2d 768, 769, lv denied 92 NY2d 983, 1033). In any event, the court did not abuse its discretion in receiving that testimony because the subject thereof is not within the common knowledge and experience of jurors (see, People v Cronin, 60 NY2d 430, 433). Contrary to the contention of defendant, the court's Sandoval ruling did not constitute an abuse of discretion (see, People v Walker, 83 NY2d 455, 458-459; People v Sandoval, 34 NY2d 371, 375; People v Laraby, 219 AD2d 817, lv denied 88 NY2d 849, 937).

Also unpreserved for our review is the contention of defendant that he was deprived of a fair trial by improper remarks

during the prosecutor's summation (*see, People v Romanelli*, 239 AD2d 940, 941, *lv denied* 90 NY2d 910; *People v Bell*, 234 AD2d 915, 916, *lv denied* 89 NY2d 1009). In any event, the prosecutor's remarks on summation, with the exception of one remark that tended to shift the burden of proof to defendant, constituted fair comment on the evidence. The single improper comment was not so egregious that defendant was thereby deprived of a fair trial (*see, People v Galloway*, 54 NY2d 396, 401; *People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

We reject the contention of defendant that he was denied effective assistance of counsel. The record establishes that defendant received meaningful representation (*see, People v Hobot*, 84 NY2d 1021, 1022; *People v Baldi*, 54 NY2d 137, 147). Further, the court did not err in imposing consecutive terms of imprisonment; the two offenses were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Assault, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.