IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,878

STATE OF KANSAS,
*Appellee*,

v.

GERALD D. HAMBRIGHT,
*Appellant*.

SYLLABUS BY THE COURT

When the sufficiency of the evidence is challenged in a criminal case, appellate courts review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or weigh in on witness credibility.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 28, 2023. Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Oral argument held December 14, 2023. Opinion filed April 5, 2024. Judgment of the Court of Appeals reversing the district court is reversed, and the case is remanded to the Court of Appeals. Judgment of the district court on the single issue before us is affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, *Derek Schmidt*, former attorney general, and *Kris W. Kobach*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: The Legislature has made it a crime for certain felons to possess a weapon. In doing so, the Legislature defined a weapon as "a firearm or a knife" and defined "knife" as "a dagger, dirk, switchblade, stiletto, straight-edged razor or any other dangerous or deadly cutting instrument of like character." K.S.A. 2018 Supp. 21-6304(c). The State first charged Gerald D. Hambright with violating this statute by possessing a knife. Before trial, it amended the charge to unlawful possession of a dagger.

A jury convicted Hambright. He appealed to the Court of Appeals, raising multiple claims of error and seeking reversal of his conviction. The Court of Appeals addressed only one issue—Hambright's claim the State failed to present sufficient evidence that he possessed a dagger. The Court of Appeals agreed with his claim, holding that "the State failed to present sufficient evidence of what characteristics the object Hambright possessed made it a dagger." *State v. Hambright*, No. 124,878, 2023 WL 3143654, at *6 (Kan. App. 2023) (unpublished opinion).

On review of that decision, we reverse the Court of Appeals and hold the State presented sufficient evidence for a jury to determine beyond a reasonable doubt that Hambright possessed a dagger. The jury saw the dagger and heard details about the length of its blade and other descriptive characteristics, including that it had a sharp edge and pointed end. From this physical evidence, the jury could—and did—apply its knowledge and common sense to determine beyond a reasonable doubt that Hambright possessed a dagger. Our rejection of Hambright's sufficiency issue does not end Hambright's appeal, however, because he raised other issues the Court of Appeals did not need to reach after it determined the evidence was insufficient. We remand his appeal to the Court of Appeals for it to consider whether any other error occurred.

2

A Sedgwick County sheriff's deputy was dispatched to a rural area to investigate a "suspicious character." He found Hambright resting on the side of a dirt road and asked about Hambright's welfare. The deputy offered to give Hambright a ride to a gas station. Hambright accepted and stood up to go with the deputy. The deputy noticed an object in a sheath on Hambright's belt and asked Hambright to put the object in Hambright's backpack. The deputy explained he would put the backpack in the trunk. Hambright complied. The deputy later learned that Hambright had been convicted of a felony about two years before the encounter. The conviction meant Hambright could not possess a weapon, such as a knife or dagger.

The State charged Hambright with the unlawful possession of a knife in violation of K.S.A. 2018 Supp. 21-6304. Shortly before trial, Hambright moved to dismiss the prosecution, citing *State v. Harris*, 311 Kan. 816, 467 P.3d 504 (2020), for support. In *Harris*, this court held the words "or any other dangerous or deadly cutting instrument of like character" in the residual clause of K.S.A. 2019 Supp. 21-6304's definition of "knife" are unconstitutionally vague on their face because they provide no explicit and objective standard of enforcement. 311 Kan. at 824-25. Citing this holding, Hambright argued that post-*Harris* "a defendant is guilty of a violation of K.S.A. 21-6304 only if it is found that the defendant possessed a dagger, dirk, switchblade, stiletto, or straight-edged razor. . . . In this matter, there is no evidence or accusations establishing that Mr. Hambright possessed a 'knife' within the definition provided by K.S.A. 21-6304(c)(1)."

During a pretrial hearing on the motion, the State told the judge it would file an amended information changing the charge from possession of a "knife" to possession of a "dagger." The State specifically referenced language in the *Harris* dissent that quoted a dictionary and defined "dagger" as a "'short, pointed blade, used for stabbing.'" *Harris*, 311 Kan. at 832 (Biles, J., dissenting) (citing Webster's New World College Dictionary

372 [5th ed. 2014]). The district court allowed the State to amend the charge, which the State did.

At the jury trial, the deputy testified about his interaction with Hambright. The State also showed the jury a video recorded by the deputy's body camera. A sheathed object hanging from Hambright's belt is visible in the recording. The State also admitted the object and photographs of it. The photographs show a fixed, sharp-edged blade with a pointed end and the nylon sheath. Two photographs include a ruler positioned to show the length of the blade and the handle. The blade and the handle each measure roughly 4.5 to 5 inches long, making the object about 9 to 10 inches long. The deputy also described the sharp, nonserrated blade. The deputy frequently used the word "knife" when referring to the object but never used the word "dagger" during his testimony. The State presented no evidence other than the deputy's testimony and the exhibits of the object that had been on Hambright's belt, the photographs, and the video.

Hambright moved for a judgment of acquittal after the State presented its evidence. He argued the State failed to prove the object he possessed was a dagger. The district court denied the motion, and the case was ultimately submitted to the jury for determination of Hambright's guilt.

The district court instructed the jury about the elements of criminal possession of a weapon. In doing so, the court defined "weapon" to include a "firearm or knife" and defined "knife" to mean a "dagger, dirk, switchblade, stiletto or straight razor." No definition of "dagger" was included in the jury instructions. Nor did the instructions include the residual clause in the definition of knife found in K.S.A. 2018 Supp. 21-6304(c) that refers to "any other dangerous or deadly cutting instrument of like character." The jury convicted Hambright of criminal possession of a weapon by a felon.

4

Hambright appealed, making several arguments. Along with the sufficiency argument before us, he contended the instruction defining a "knife" was overly broad, the prosecutor committed misconduct, and cumulative error required reversal of this conviction. The Court of Appeals three-member panel considered only the sufficiency argument. A majority of the panel held that the State had failed to present sufficient evidence that Hambright possessed a dagger. That holding alone required reversal of Hambright's conviction, leaving no need to address his other claims. 2023 WL 3143654, at *6.

On the sufficiency issue, the Court of Appeals majority noted the jury instructions did not define "dagger" and it concluded there was no commonly understood definition. Based on those circumstances, the majority held that "the State provided no evidence, expert or otherwise, that the object Hambright handed the officer . . . was a dagger. Faced with these circumstances, we cannot say that the State proved beyond a reasonable doubt Hambright possessed a dagger in violation of K.S.A. 2018 Supp. 21-6304(c)(1)." 2023 WL 3143654, at *6.

One panel member dissented. She concluded the evidence sufficed to show Hambright's object fit within a "reasonable and practical" understanding of the term "dagger," which she defined to be "'a weapon with a short, pointed blade, used for stabbing.'" 2023 WL 3143654, at *7 (Cline, J., dissenting) (quoting Webster's New World College Dictionary 372 [5th ed. 2016]). She also criticized the majority for viewing the evidence in the light most favorable to the defense rather than the State as required by the standard for reviewing sufficiency issues. 2023 WL 3143654, at *6-9 (Cline, J., dissenting).

The State petitioned for review. Hambright conditionally cross-petitioned for review of the issues the panel had declined to address. We granted the State's petition for review and Hambright's conditional cross-petition and have jurisdiction under K.S.A. 20-

5

3018(b) (providing for petition for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions).

ANALYSIS

1. *Sufficient Evidence*

Appellate courts apply a well-established standard of review when a party challenges the sufficiency of the evidence: We "review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt." *State v. Buchanan*, 317 Kan. 443, 454, 531 P.3d 1198 (2023). In that review, we do not reweigh evidence, resolve evidentiary conflicts, or weigh witness credibility. 317 Kan. at 454.

It is through that lens we consider the Court of Appeals majority's holding that the State failed to prove the charge that Hambright possessed "a weapon, to wit: dagger" in violation of K.S.A. 2018 Supp. 21-6304(a)(3)(A). *Hambright*, 2023 WL 3143654, at *6. We reach a different conclusion than did the Court of Appeals majority and hold the evidence, when viewed in the light most favorable to the State, was sufficient for a rational fact-finder to return a verdict finding Hambright guilty of possessing a dagger.

Our analysis is straightforward and relies on two well-established legal principles. First, we apply the principle that jurors may use their common knowledge and experience when assessing witness testimony and examining evidence and may apply their understanding of the common, ordinary words. *State v. Sieg*, 315 Kan. 526, 531-32, 509 P.3d 535 (2022) (jurors could use common knowledge and experience to conclude a spoon was drug paraphernalia; evidence sufficient even though no direct evidence). Second, we apply a corollary legal principle providing that courts will assume the Legislature intends a word to be used in its ""ordinary, contemporary, common

6

meaning"'" if the Legislature does not define it. *Midwest Crane & Rigging, LLC v. Kansas Corporation Comm'n*, 306 Kan. 845, 851, 397 P.3d 1205 (2017) (quoting *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202, 207, 117 S. Ct. 660, 136 L. Ed. 2d 644 [1997]); see also *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018) (applying same rule to interpretation of Kansas sentencing statute). A common dictionary definition is a good source to discern the ordinary, contemporary, and common meaning of a word. *Midwest Crane*, 306 Kan. at 851.

Applying these principles to the facts in the light most favorable to the State, we begin with a common dictionary's definition of dagger as a "weapon with a short, pointed blade used for stabbing." Webster's New World College Dictionary 372 (5th ed. 2017). This definition was quoted in the dissent in *Harris*, 311 Kan. at 832 (Biles, J., dissenting), and referred to by the court, the prosecutor, and Hambright's attorney throughout the court proceedings. While Hambright's attorney argued the definition was not found in the *Harris* majority or in Black's Law Dictionary, those points are irrelevant because we are not looking for a legal definition but for the ordinary, contemporary, and common meaning of the word. See *Midwest Crane,* 306 Kan. at 851.

Considering that common meaning and using common knowledge, a reasonable jury could conclude Hambright's object was a dagger. Dagger is not an unfamiliar term, and the jury had the knife itself to examine. It also had pictures of the knife, two of which included a ruler to help determine the length of the blade (about 4.5 to 5 inches) and the handle (of equal length). Those pictures depict a blade with a pointed end. From this evidence, a reasonable person could conclude the weapon was short, it had a pointed blade, and it could be used for stabbing. From common knowledge and experience, a jury could conclude the object was a dagger without having a witness use the term or describe or define what is meant by "dagger."

7

With that analysis in mind, we next explain why we disagree with the Court of Appeals majority and its holding that the evidence failed to support the jury verdict. The Court of Appeals began its analysis on common ground with ours; it recited the well-established standard of review for claims of insufficient evidence. But rather than looking at the evidence in a light most favorable to the State, it examined the evidence in Hambright's favor. In doing so, the Court of Appeals majority referred to illustrations in some dictionaries and concluded the object Hambright possessed was more like a hunting or Bowie knife than a dagger. 2023 WL 3143654, at *5. Reaching this conclusion required the majority to reweigh the evidence.

To justify this reweighing, the Court of Appeals majority first noted that the jury instructions did not define the word "dagger" and that no witness described the characteristics of a dagger or identified the object in Hambright's possession as a dagger. This led the majority to conclude that no evidence "support[ed] the jury finding the object was actually a dagger as opposed to merely being a 'dangerous or deadly cutting instrument of like character.' K.S.A. 2019 Supp. 21-6304(c)(1)." *Hambright*, 2023 WL 3143654, at *2. This statement, quoting the residual clause from the statutory definition of "knife," frames two of the majority's rationales for its decision. Neither rationale justifies reversing Hambright's conviction.

First, the majority seemed concerned the jury might have relied on the portion of the statute we found unconstitutionally vague in *Harris*. 2023 WL 3143654, at *2 (citing *Harris*, 311 Kan. at 826). But as the State argues in its petition for review, there is no reason to believe the jury relied on the unconstitutional residual clause. The judge did not include language about a dangerous or deadly cutting instrument of like character in the jury instruction. Nor did the parties or the court otherwise make the jury aware of the residual clause. The majority's concern was thus misplaced.

Second, the *Hambright* Court of Appeals majority extended the *Harris* holding and its underlying discussion of the legal concepts surrounding unconstitutional vagueness to the circumstance of this case. The majority concluded that the State was "effectively only paying lip service" to *Harris* because it left "the jury to resolve a point of vagueness or ambiguity by its own subjective interpretation." 2023 WL 3143654, at *2. But *Harris*' holding and its rationale do not apply here.

For starters, Hambright brings a sufficiency challenge, not a constitutional vagueness challenge to the statute. He has thus waived any vagueness arguments. See *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). Given the difference in the issue presented here and the one considered in *Harris*, the *Harris* analysis has little relevance to the outcome of this appeal. Beyond that fundamental disconnect, we do not agree with Hambright's argument and the majority's conclusion that requiring the jury to consider whether an object is a dagger, dirk, switchblade, stiletto, or straight razor "effectively only pay[s] lip service to *Harris*'" holding. 2023 WL 3143654, at *2. As written, K.S.A. 2018 Supp. 21-6304 conveys that the Legislature perceived the words dagger, dirk, switchblade, stiletto, or straight razor to be ones that "are easily and reasonably understood to describe per se dangerous or deadly cutting instruments." 311 Kan. at 832 (Biles, J., dissenting). We can reach this conclusion because courts assume the Legislature intends the word to be used in its "'"ordinary, contemporary, common meaning,"'" if the Legislature does not define the word. *Midwest Crane & Rigging, LLC*, 306 Kan. at 851.

Throughout the proceedings, the district court implicitly adopted this concept. The parties and the court discussed the common meaning of "dagger" during pretrial hearings and at the instruction conference. At the pretrial hearing, the State referred to the dictionary definition of "dagger" cited in the *Harris* dissent. 311 Kan. at 832 (Biles, J., dissenting) (quoting Webster's New World College Dictionary 372 [5th ed. 2014]). Then, the State asked the district court to include that definition in the jury instructions.

9

Hambright objected because the definition was not in the *Harris* majority opinion or Black's Law Dictionary. The district court chose not to define the word "dagger" for the jury. This decision aligns with the principle the Legislature intended for the word to have its ordinary meaning.

The district court's decision also reflects another corollary principle providing that district courts need not define a term in a jury instruction if the term is widely used, readily comprehensible, and has no technical, legal meaning. *State v. Armstrong*, 299 Kan. 405, 440, 324 P.3d 1052 (2014). The court also told the jury it could use its common knowledge and experience when weighing the evidence. And the parties' arguments to the jury implicitly acknowledged that the jurors could apply their common understanding of the term "dagger." Both the prosecutor and defense counsel told the jurors it was for them to decide whether the object was a dagger. These principles justify the district court's decision.

On appeal, however, Hambright argues the State had to present evidence about the characteristics of a dagger or provide expert testimony that the object Hambright possessed was a dagger. The State, in its petition for review, argues the Court of Appeals majority erred in entertaining Hambright's argument. It contends that Hambright, by objecting to the State's proposed definition in the jury instructions, invited any error arising from the failure to define the word "dagger." In making the argument, the State concedes invited error usually has no role in a sufficiency analysis.

The State's concession correctly reflects our caselaw, and this appeal presents no reason to deviate from that typical situation. Our task is to examine the evidence, and Hambright's objection did not restrict the admission of evidence. Instead, it impacted the wording of the jury instruction. But Hambright presents no issue of instructional error. We thus conclude the invited error doctrine does not preclude Hambright's argument.

10

Our disagreement with the State on that procedural ground does little to advance Hambright's overall argument because we reject his contention that the State had to present expert testimony or that of another witness discussing the characteristics of a dagger. The Court of Appeals majority also rejected this argument, at least in part, by concluding "the State need not necessarily present expert testimony." 2023 WL 3143654, at *5.

Hambright in his conditional cross-petition for review presents no authorities suggesting the majority reached the wrong conclusion. In his briefing, he had cited cases from other jurisdictions in which the government presented expert testimony about whether a particular object was a dagger. See *State v. Threlkeld*, 314 Or. App. 433, 435-36, 496 P.3d 1147 (2021); *People v. Castillolopez*, 63 Cal. 4th 322, 324-27, 371 P.3d 216 (2016); *People v. Willson*, 272 A.D.2d 959, 959, 708 N.Y.S.2d 668 (2000). But none of those cases suggest that discerning whether an object is a dagger requires scientific, technical, or other specialized knowledge requiring expert testimony. See K.S.A. 2023 Supp. 60-456 (admission of opinion evidence).

That brings us to the fundamental point of our disagreement with the Court of Appeals majority. While the majority recognized the general proposition that a jury may rely on its common understanding of words in jury instructions, unless instructed otherwise, it concluded "there does not appear to be a common definition of dagger for the jury to apply. At the very least, there are ambiguities among the universe of potential definitions of that term." 2023 WL 3143654, at *5. To support this conclusion, the majority quoted 12 definitions of "dagger." These definitions span almost 50 years of dictionary publications. They differ slightly from each other, and the Court of Appeals majority seized on these differences and pointed out how Hambright's object did not match every aspect of the various definitions.

11

For example, the Court of Appeals majority pointed out that a few definitions refer to daggers as having "sharp edges" unlike the single, sharp edge on Hambright's object. 2023 WL 3143654, at *4 (citing, e.g., Webster's II New Riverside University Dictionary 344-45 [1988]). Other definitions referred to a "swordlike" object or a "sword," which again has dual, sharp edges. E.g., Random House Webster's College Dictionary 342 (1991); Random House American Dictionary and Family Reference Library 304 (1968).

Concluding these differences created ambiguities, the majority applied the rule of lenity, a rule of statutory construction under which courts read any statutory ambiguity in favor of the criminal defendant. The majority said little more about how a rule of statutory interpretation applied to a sufficiency claim before it held that the State failed to provide "evidence, expert or otherwise, that the object Hambright handed to the officer—which the officer repeatedly described as a 'knife'—was a dagger. Faced with these circumstances, we cannot say that the State proved beyond a reasonable doubt Hambright possessed a dagger in violation of K.S.A. 2018 Supp. 21-6304(c)(1)." 2023 WL 3143654, at *6. Again, much of this reasoning focuses on whether the statute is vague—a separate issue from sufficiency. In this way, as the Court of Appeals dissent notes, the majority reached "beyond the issue Hambright brought before us." 2023 WL 3143654, at *8 (Cline, J., dissenting).

The remaining portion of the majority's holding is that "there does not appear to be a common definition of dagger for the jury to apply." 2023 WL 3143654, at *5. We disagree. While there are differences in the 12 definitions cited by the Court of Appeals majority, at their core they say the same thing, which is captured in the most recent of the quoted definitions. That definition states a common, contemporary understanding of a dagger as a "weapon with a short, pointed blade used for stabbing." Webster's New World College Dictionary 372 (5th ed. 2017).

12

The Court of Appeals majority also held that the evidence was insufficient to meet that basic definition. It pointed out that, "[h]ere, the State presented no evidence the object Hambright possessed was, by its design, to be used for stabbing." 2023 WL 3143654, at *4. Although the majority recognized Hambright's "object obviously *could* be used for stabbing," it added "the same is true of many paring knives, letter openers, kitchen knives, and numerous other pointed objects, all of which would not be considered a dagger under K.S.A. 2018 Supp. 21-6304(c)(1)." 2023 WL 3143654, at *4. With this analysis, the majority again strayed into vagueness principles not relevant to Hambright's sufficiency challenge. As relevant to the evidence's sufficiency, the majority's requirement of direct evidence about the purpose of the knife's design ignores that circumstantial evidence can prove even the gravest offense. See *State v. Gibson*, 311 Kan. 732, 742, 466 P.3d 919 (2020).

Hambright's arguments to the jury implicitly recognized the object's design meant it could be used as a weapon, but he told the jury he did not intend to use it as a weapon or for stabbing. He suggested it view the video, which showed his peaceful behavior to support that conclusion. His intent was not at issue, however. And the circumstantial evidence and the jury's common knowledge could establish what the Court of Appeals majority recognized: The object could be used for stabbing. Any reliance on a lack of evidence about the possible use of the object for stabbing thus does not undermine the sufficiency of the evidence.

In sum, a rational jury could use its knowledge and experience to apply the common, contemporary, and ordinary meaning of the word "dagger" and conclude Hambright's object was a "weapon with a short, pointed blade used for stabbing." Webster's New World College Dictionary 372 (5th ed. 2017). In other words, the evidence viewed in the light most favorable to the State was sufficient to prove beyond a reasonable doubt that Hambright possessed a dagger.

2. *Remand of Other Issues*

Hambright raised other challenges that the Court of Appeals majority declined to address because it concluded those issues were moot after it reversed Hambright's conviction. We granted Hambright's conditional cross-petition for review on these issues. See *Hambright*, 2023 WL 3143654, at *6.

When issues were presented to but not decided by the Court of Appeals and then preserved for our review, we may "consider and decide the issues, remand the appeal to the Court of Appeals for decision of the issues, or dispose of the issues as [we] deem appropriate." Kansas Supreme Court Rule 8.03(j)(5) (2024 Kan. S. Ct. R. at 60). Here, we remand to the Court of Appeals for its decision on the remaining issues.

Judgment of the Court of Appeals reversing the district court is reversed, and the case is remanded to the Court of Appeals for further proceedings. Judgment of the district court on the single issue before us is affirmed.