NOT DESIGNATED FOR PUBLICATION

No. 124,878

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD D. HAMBRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion on remand filed September 20, 2024. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., WARNER and CLINE, JJ.

PER CURIAM: Gerald D. Hambright appealed from his conviction and sentence for one count of criminal possession of a weapon, primarily arguing the evidence was insufficient to support his conviction. A majority of this panel agreed with Hambright and declined to address his other claims of error. *State v. Hambright*, No. 124,878, 2023 WL 3143654 (Kan. App. 2023) (unpublished opinion). Our Supreme Court found the evidence was sufficient and remanded for consideration of his other claims. *State v. Hambright*, 318 Kan. 603, 545 P.3d 605 (2024). After reconsideration, we affirm on all remaining issues as more fully explained below.

The relevant factual and procedural background was set forth in our Supreme Court's decision in *Hambright*, 318 Kan. at 604-06. These facts are well known to the parties and need not be repeated. Where relevant, additional facts are set forth herein.

ANALYSIS

*Hambright's jury instruction claim is barred by invited error.*

Hambright argues the district court improperly instructed the jury by defining "knife" more broadly than the specific allegation in the State's amended information—he possessed a dagger. In relevant part, the district court instructed the jury: "'Weapon' means a firearm or knife. 'Knife' means dagger, dirk, switchblade, stiletto or straight razor."

When analyzing jury instruction issues, appellate courts follow a three-step process:

> "'(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.'" *State v. Holley*, 313 Kan. 249, 253, 485 P.3d 614 (2021).

See K.S.A. 22-3414(3) ("No party may assign as error the giving or failure to give an instruction . . . unless the party objects thereto before the jury retires to consider its verdict . . . unless the instruction or the failure to give an instruction is clearly erroneous.").

At the second step, appellate courts consider whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record. In determining whether an instruction was factually appropriate, courts must determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction. Whether a party has preserved a jury instruction issue affects the appellate court's reversibility inquiry at the third step. *Holley*, 313 Kan. at 254-55.

When a party fails to object to a jury instruction before the district court, an appellate court reviews the instruction to determine if it was clearly erroneous. K.S.A. 22-3414(3). For a jury instruction to be clearly erroneous, the instruction must be legally or factually inappropriate and the court must be firmly convinced the jury would have reached a different verdict if the erroneous instruction had not been given. The party claiming clear error has the burden to show both error and prejudice. *State v. Crosby*, 312 Kan. 630, 639, 479 P.3d 167 (2021). If the challenging party preserved the issue below, an appellate court applies one of two harmless error tests. If "the instructional error impacts a constitutional right, . . . we must assess whether the error was harmless under the federal constitutional harmless error standard, *i.e.*, whether there was 'no reasonable possibility' that the error contributed to the verdict." *State v. Andrew*, 301 Kan. 36, 46-47, 340 P.3d 476 (2014). When no constitutional right is impacted, we assess whether "there is no reasonable probability the error affected the trial's outcome in light of the entire record." See *Holley*, 313 Kan. at 257.

Here, we need not consider whether the instruction was erroneous. The State persuasively argues Hambright invited the error because the instruction given was the same as he proposed. It is well-established a litigant may not invite an error and then complain of the error on appeal. *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021). Under the invited error doctrine, a defendant cannot challenge an instruction on appeal, even as clearly erroneous under K.S.A. 22-3414(3), "when there has been an on-the-

record agreement to the wording of the instruction at trial." *State v. Willis*, 312 Kan. 127, 131, 475 P.3d 324 (2020). "Whether the doctrine of invited error applies is a question of law subject to unlimited review." *Stoll*, 312 Kan. at 735.

As the State points out, the district court gave the instruction consistent with Hambright's proposed instruction. Hambright argues the invited error doctrine should not apply because he submitted his proposed jury instructions approximately two hours after the State filed its amended complaint. But the State correctly notes Hambright was already aware of the State's intent to amend its complaint to reflect he possessed a dagger based on the pretrial hearing the day before, and Hambright could have requested a different instruction at the instructions conference the following week. Further, at the instructions conference, the State proposed additional language to more specifically define "dagger." Hambright objected because the language the State wanted to include was from the dissent in *State v. Harris*, 311 Kan. 816, 467 P.3d 504 (2020) (Biles, J., dissenting). Hambright argued, and the district court agreed, the additional language was not an accurate statement of the law because it was from the dissent. The district court declined to add the State's proposed language, and Hambright indicated he had no further objection to the instruction.

The State's reliance on *State v. Fleming*, 308 Kan. 689, 423 P.3d 506 (2018), is persuasive. There, the State's complaint alleged Fleming took "'property, to wit: cell phone, wallet from the person or presence of another.'" 308 Kan. at 691. But Fleming proposed an instruction simply stating Fleming took "'property from the presence of [the victim].'" 308 Kan. at 692. On appeal, our Supreme Court found invited error barred Fleming's claim the instruction was erroneous for failing to describe the property as indicated in the State's complaint because Fleming knew of the specific allegations but proposed a broader instruction. 308 Kan. at 707. Here, Hambright got what he asked for and objected to language that would have more specifically indicated to the jury it needed to find he possessed a dagger. We find his claim barred by invited error.

Even if we reviewed the merits of his argument, we would not find the jury instruction clearly erroneous. For the limited purposes of our analysis, we will assume the instruction was legally erroneous as being broader than the allegations in the State's complaint. See *State v. Trautloff*, 289 Kan. 793, 802, 217 P.3d 15 (2009) ("A jury instruction on the elements of a crime that is broader than the complaint charging the crime is erroneous."). Still, the instruction does not appear to be clearly erroneous because Hambright cannot firmly convince us the jury would have reached a different verdict if the erroneous instruction had not been given. See *Crosby*, 312 Kan. at 639.

Based on the pictures admitted at trial and the responding officer's description of the object, the jury could not have believed it was a switchblade or straight razor. While the jury could have potentially found it was a dirk or stiletto, the parties' closing arguments made clear the State's specific allegation Hambright possessed a dagger. The prosecutor told the jury: "[I]t's the State's position that he possessed a weapon he shouldn't have been possessing, which was that knife, that dagger." The prosecutor further posed to the jury: "Is it a dagger? That's for you to decide." Hambright's counsel similarly argued: "The question for you to decide today is whether or not this knife qualifies as a dagger, as alleged by the State." Hambright fails to acknowledge these statements in arguing the instruction was clearly erroneous. But our clear error analysis requires a determination that the error affected the verdict in light of the entire record. See *Holley*, 313 Kan. at 257. Given Hambright's failure to address the effect of the parties' closing arguments, he fails to establish the instruction was clearly erroneous. See *Crosby*, 312 Kan. at 639.

*The State did not commit prosecutorial error in closing arguments.*

Hambright further complains the State committed prosecutorial error in closing arguments. He argues the prosecutor misstated the law by (1) asking the jury to convict him of an offense he was not charged with, and (2) misstating that the object he

possessed was "clearly . . . a knife." Specifically, Hambright takes issue with the following statement by the prosecutor in closing argument: "You have a definition of what a weapon is, meaning a firearm or a knife. Well, very clearly this is a knife. And then now your issue becomes the definition of a knife means dagger, dirk, switch blade, stiletto, or straight razor."

This court uses a two-step process to evaluate claims of prosecutorial error: error and prejudice.

> "To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman*[ *v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.'" *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

A prosecutor commits error by misstating the law. A prosecutor also errs when arguing a fact or factual inference without an evidentiary foundation. *State v. Watson*, 313 Kan. 170, 179, 484 P.3d 877 (2021).

Here, Hambright fails to establish the prosecutor's comments were erroneous. As the State points out, he takes the prosecutor's argument out of context without acknowledging what preceded and followed. Earlier in the State's closing argument, the prosecutor told the jury: "[I]t's the State's position that he possessed a weapon he

6

shouldn't have been possessing, which was that knife, that dagger." The statement Hambright takes issue with occurred during the following comments:

> "You have a definition of what a weapon is, meaning a firearm or a knife. Well, very clearly this is a knife. And then now your issue becomes the definition of a knife means dagger, dirk, switch blade, stiletto or straight razor. There's pictures, and the reason I introduced pictures—you might be wondering if you're showing us the knife, why introduce the pictures. I thought it was important to know the measurements exactly and that's why the pictures were introduced. One picture shows the measurement of the blade, one picture shows the measurement of the handle and then the other picture shows how it was found inside, so I thought that was important.
>
> "But this is it, this was what was found on his hip. He's not supposed to have it. Is it a dagger? That's for you to decide."

Hambright fails to acknowledge the full context of the prosecutor's comments and her ultimate contention the object he possessed was a dagger. The State persuasively argues the prosecutor's comments reflected the object met the colloquial definition of a knife, but the statutory definition of a knife means dagger, dirk, stiletto, switch blade, or straight razor. And the State then clarified its specific allegation that Hambright possessed a dagger. The State is also correct the prosecutor's reference to a "dagger, dirk, switch blade, stiletto, or straight razor" accurately reflects the legal definition of "knife" as used in K.S.A. 2018 Supp. 21-6304(c)(1) and was consistent with the jury instruction Hambright proposed, which the district court ultimately gave.

Viewed in context, the prosecutor's comments were not, as Hambright contends, a "bait-and-switch argument" substituting the colloquial definition of "knife" for the statutory definition. Also contrary to Hambright's argument, the prosecutor did not ask the jury to convict Hambright for possessing a dirk, stiletto, switch blade, or straight razor. The prosecutor clearly alleged Hambright possessed a dagger. Hambright fails to establish error in the prosecutor's closing argument; accordingly, there can be no

7

prejudice. Thus, his claim fails. But even if we found the prosecutor's comments erroneous, they were not prejudicial when viewed in light of the entire record. The parties' arguments clearly reflected the State's specific allegation Hambright possessed a dagger. The jury could not have been misled by the prosecutor's comments.

*Cumulative error does not apply.*

Finally, Hambright argues even if none of the errors he alleges are individually reversible, their cumulative effect requires reversal of his conviction.

Cumulative trial errors, when considered together, may require reversal of the defendant's conviction when the totality of the circumstances establish that the defendant was substantially prejudiced by the errors and denied a fair trial. In assessing the cumulative effect of errors during the trial, appellate courts examine the errors in context and consider how the trial judge dealt with the errors as they arose; the nature and number of errors and whether they are interrelated; and the overall strength of the evidence. If any of the errors being aggregated are constitutional in nature, the party benefitting from the error "'must establish beyond a reasonable doubt that the cumulative effect of the errors did not affect the outcome.'" *State v. Alfaro-Valleda*, 314 Kan. 526, 551-52, 502 P.3d 66 (2022).

Here, Hambright has identified at most one harmless error—the jury instruction was overbroad. But as previously explained, we will not review his jury instruction claim due to invited error. "The cumulative error rule does not apply if there are no errors or only a single error." *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). Moreover, a jury instruction which is not clearly erroneous cannot be considered in the cumulative error analysis. *State v. Waldschmidt*, 318 Kan. 633, 662, 546 P.3d 716 (2024).

Affirmed.

8

WARNER, J., concurring: I join fully in the majority opinion's reasoning and conclusion that Gerald Hambright has not shown any error on appeal that requires the reversal of his conviction for criminal possession of a weapon. I write separately, however, because I feel compelled to comment on the legal morass from which this case arose in the wake of the Kansas Supreme Court's decision in *State v. Harris*, 311 Kan. 816, 467 P.3d 504 (2020), and to caution against extrapolating the rulings in this case beyond their limited and particular facts.

Hambright, who had a previous criminal conviction, was charged with criminal possession of a knife after he was found carrying what is commonly described as a Bowie knife. When he was originally charged, K.S.A. 2018 Supp. 21-6304 defined a knife for purposes of this offense as "a dagger, dirk, switchblade, stiletto, straight-edged razor or any other dangerous or deadly cutting instrument of like character." But while Hambright's case was pending, the Kansas Supreme Court issued its opinion in *Harris* and held that the statute's residual clause ("or any other dangerous or deadly cutting instrument of like character") was unconstitutionally vague on its face because it provided no explicit and objective standard of enforcement. 311 Kan. at 824-25. The practical result of that holding was to excise the residual clause from the criminal-possession statute. Under the remaining statutory language, the knives a person with a conviction described by the statute may not possess are limited to daggers, dirks, switchblades, stilettos, and straight-edged razors.

Hambright's Bowie knife fell squarely within the catchall reach of the residual clause, but it fit less comfortably within the statutory categories of knives left undisturbed by *Harris*. So began the twisting odyssey of this case.

- Shortly before trial, the State amended its complaint to charge Hambright with criminally possessing a dagger. But the State's witnesses at trial consistently described the thing Hambright possessed as a "knife" generally, and no one—not the parties, the witnesses, the court, or the legislature—defined what a dagger was or why Hambright's knife met that definition.

- As part of its proposed jury instructions, the State offered a definition of a "dagger" from the dissent in *Harris* as part of its proposed instructions. But the district court sustained Hambright's objection to that language and rejected the definition. Hambright did not offer any other definition of "dagger" for the jury's consideration, and the term is not defined by the Kansas criminal-possession statute. See K.S.A. 2018 Supp. 21-6304(c)(1).

- Hambright proposed the instruction that he now claims was erroneous—merely defining a "knife" as "a dagger, dirk, switchblade, stiletto, or straight-edged razor"—despite the fact that he had only been charged with possessing a dagger.

- During closing arguments, the prosecutor referred to the object Hambright possessed as a "knife," which is technically correct. But the word "knife" in common parlance has a broader meaning than the limited and specific definition that the State was required to prove under K.S.A. 2018 Supp. 21-6304.

The Kansas Supreme Court has reviewed these facts and found that there was sufficient evidence presented to support the jury's finding that Hambright possessed a dagger, despite the absence of specific evidence or definitional guidance. *State v. Hambright*, 318 Kan. 603, 614, 545 P.3d 605 (2024). We are bound by this law of the case. See *State v. Parry*, 305 Kan. 1189, 1193, 390 P.3d 879 (2017); see also *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless the court has indicated it is

departing from its position.). And as the majority decision ably explains today, Hambright has not raised any other error at trial that would require reversal of his conviction.

But that does not mean that this case presents a model of how prosecutions for criminal possession of a weapon should proceed. If anything, the muddle here magnifies the considerations present in every case—the importance of thoughtful strategy and argument by the parties, clear evidence and articulate objections, and clarifying instructions by the trial judge. And it illustrates why, in the absence of K.S.A. 21-6304's excised residual clause, some further legislative guidance might be helpful in discerning which knives may lead to a conviction for criminal possession of a weapon. In the immortal words of Hollywood, "That's not a knife. . . . *That's* a knife." CROCODILE DUNDEE (Rimfire Films 1986). Or is it?